IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TORREY S. LEINEN,

        Plaintiff,

  v.

FRANCIS J. HARVEY,

        Defendant.

Case No. CV 04-1844 MO

OPINION AND ORDER

**MOSMAN, J.,**

Pending before the court is a motion to dismiss filed by defendant, Francis J. Harvey, Secretary of the Navy, on February 25, 2005. Plaintiff, Torrey S. Leinen, filed a timely response and cross-motions for an extension of time for discovery and to file a supplemental response, and defendant replied. For the reasons which follow, defendant's motion is DENIED and plaintiff's cross-motions are, therefore, moot.

Background

On June 17, 2004, plaintiff filed an Equal Employment Opportunity ("EEO") Formal Complaint of Discrimination based on sex and reprisal. (Ex. 2 at 1of Pl.'s Mem. in Opp'n. of Def.'s Mot. to Dismiss.) After the EEO claim went unresolved for 180 days, plaintiff filed a complaint on December 20, 2004, alleging violations of Title VII of the Civil Rights Act of 1964

PAGE 1 - OPINION AND ORDER

as amended, 42 U.S.C. § 1981A(a), (b), and 42 U.S.C. § 2000e-16. Claim one of plaintiff's complaint alleges sex discrimination through disparate treatment and hostile work environment. (Complaint ¶¶ 26-33.) Claim two alleges retaliation through disparate treatment and hostile work environment. (Complaint ¶¶ 34-41.) Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) the hostile work environment component of plaintiff's claims based on lack of subject matter jurisdiction.

Discussion

I. Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(1), a party may move to dismiss a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged under Rule 12, the burden of establishing the contrary rests on the party asserting subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778 (9th Cir. 2000). The court may consider evidence to resolve factual disputes under Rule 12 regarding the existence of jurisdiction. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). The court need not presume the truthfulness of the plaintiff's allegations, and the existence of disputed materials does not preclude the trial court from evaluating for itself the merits of the jurisdictional claims. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); White, 227 F.3d at 1242; Thornhill Publ'g Co. v. Gen. Tel. Co., 594 F.2d 730, 734 (9th Cir. 1979). Looking beyond the complaint and resolving disputed facts does not convert a Rule 12 motion into a motion for summary judgment. White, 227 F.3d at 1242.

II. Analysis

Defendant argues the court lacks subject matter jurisdiction over the hostile work environment claims because plaintiff failed to exhaust these allegations. (Def.'s Mot. to Dismiss at 1.) Subject matter jurisdiction over a Title VII claim exists when a plaintiff has raised the discrimination claim or a "like and reasonably related" claim in an administrative action. 42 U.S.C. § 2000e-16(c); Jasch v. Potter, 302 F.3d 1092, 1094 (9th Cir. 2002); United States v. Sommatino, 255 F.3d at 704, 708 (9th Cir. 2001). A Title VII allegation is like or reasonably related to the allegations contained in the EEO complaint when the EEO investigation would have encompassed the additional charge. B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1100 (9th Cir. 2002); Green v. Los Angeles County Superintendent of Sch., 883 F.2d 1472, 1476 (9th Cir. 1989). Under Title VII, the court is concerned with the substance of the charge and not its label. Sosa v. Hiraoka, 920 F.2d 1451, 1458 (9th Cir. 1990) (administrative charge construed liberally). This makes the factual statement included in the EEO charge of discrimination a "crucial element" when analyzing for exhaustion. Kaplan v. Int'l Alliance of Theatrical & Stage Employees & Motion Picture Mach. Operators of the United States and Canada, 525 F.2d 1354, 1359 (9th Cir. 1975).

Plaintiffs are not required to exhaust additional claims that are so closely related to the allegations contained in the EEO charge that administrative action becomes redundant. B.K.B., 276 F.3d at 1100; Sosa, 920 F.2d at 1458 (EEOC need only be generally apprised of the alleged discriminatory parties and acts). The determination of whether a plaintiff has exhausted allegations not specified in the administrative charge also includes consideration of: (1) the basis and dates of the discriminatory acts specified within the charge; (2) the perpetrators of discrimination named in the charge; and (3) the locations at which the discrimination is alleged

to have occurred.  Vasquez v. County of Los Angeles, 349 F.3d 634, 644 (9th Cir. 2004); B.K.B., 276 F.3d at 1100.  Civil claims are considered to be reasonably related to the EEO complaint to the extent that such claims are consistent with the plaintiff's original theory of the case.  B.K.B., 276 F.3d at 1100.  This court must determine whether plaintiff's hostile work environment allegations or "like and reasonably related" allegations were presented to the EEOC.

The Eleventh Circuit faced a similar issue in Green v. Elixir Ind., Inc., 407 F.3d 1163 (2005).  In Elixir, plaintiff filed suit for wrongful termination based on race and hostile work environment after receiving a right-to-sue notice from the EEOC.  407 F.3d at 1166.  The district court found the hostile work environment claim had not been administratively exhausted and entered summary judgment for defendant.  Id.  On review, the Eleventh Circuit reversed and held that the EEOC complaint stated enough to warrant an investigation of hostile work environment.  Id. at 1169.  The court reasoned that plaintiff's claims were so "inextricably intertwined," with the same basis, dates, actors, and locations, that defendant was on notice of the hostile environment allegation.  Id.  The court also reasoned a reasonable EEOC investigator would have concluded the allegations involved a claim of hostile work environment.  Id.

As in Elixir, plaintiff's allegations of hostile work environment and disparate treatment based on sex discrimination and reprisal allegedly have the same basis, occurred over the same time frame, at the same location, and by the same individuals.  See also Vasquez, 349 F.3d at 644; B.K.B., 276 F.3d at 1100.  Similarly, defendant had ample notice of the hostile work environment allegation.  See Sosa, 920 F.2d at 1458.  At mediation on October 7, 2004, after a formal investigation into plaintiff's EEO complaint had begun, a discussion of hostile work

environment occurred between plaintiff, plaintiff's counsel, attorney for management, and the mediator. (Pl.'s Mem. in Opp'n. of Def. Mot. to Dismiss at 5.) Defendant admits knowledge of this discussion in plaintiff's Request for Admission No. 9. (Ex. 4 at 3 of Pl.'s Mem. in Opp'n. of Def. Mot. to Dismiss.) An email exchange between plaintiff and defendant also indicates defendant was on notice that a likely allegation of a hostile work environment also existed. (Ex. C at 1of Def.'s Mem. in Supp. of Mot. to Dismiss.)

Accordingly, this court finds plaintiff's hostile work environment allegations or "like and reasonably related" allegations were presented to the EEOC. A reasonable EEOC investigator would have concluded that the allegations involved hostile work environment claims. Subject matter jurisdiction over plaintiff's claims for hostile work environment exists. Defendant's motion to dismiss is, therefore, DENIED and plaintiff's cross-motions are moot.

IT IS SO ORDERED.

DATED: Portland, Oregon, July 7, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge